UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 17-04581-AB (SKx) | Date: December 20, 2017 |

Title: *George E Burdett et al v. CBS Corporation et al*

---

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Ingrid Valdes | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order Denying Plaintiff's Motion to Remand to State Court

Pending before the Court is Plaintiffs George E. Burdett, Jr. and Elizabeth M. Burdett's (collectively "Plaintiffs') Motion to Remand to State Court. ("Mot", Dkt. No. 46). Plaintiffs bring this Motion on the ground that removing Defendant Alcatel-Lucent ("Alcatel") has not shown the existence of a colorable federal defense and the requisite causal nexus sufficient to establish that this Court has removal jurisdiction. Alcatel submitted an opposition ("Oppo", Dkt. No. 50) and Plaintiffs filed a reply (Dkt. No. 58). The Court heard oral argument and took the matter under submission. (Dkt. No. 61). Upon consideration of the parties' arguments, papers and the case file, the court hereby **DENIES** Plaintiffs' Motion.

## I. BACKGROUND

Plaintiffs George E. Burdett, Jr. and his wife Elizabeth M. Burdett filed a nine-count complaint for personal injuries in the Los Angeles County Superior Court on January 31, 2017. ("Comp", Dkt. No. 1). George Burdett suffers from mesothelioma, a form of cancer which is caused by exposure to asbestos fibers. (*Id.* at 14). Mr. Burdett alleges that the was exposed to asbestos while employed by the California National Guard from 1960-1974. (*Id.* at 6). During those years Mr. Burdett worked on the United States'

Nike Ajax and Nike Hercules missile defense systems in Los Angeles, CA. Alcatel's predecessor companies Western Electric and Bell Labs, contracted with the United States government to provide products and services at the missile defense sites. Plaintiffs allege that Alcatel's predecessors failed to issue warnings of the potential hazards of asbestos exposure at the missile defense sites.

On June 21, 2017, Alcatel filed a Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1) ("Notice", Dkt. No. 1). Plaintiffs subsequently filed the instant motion on July 21, 2017.

## II. LEGAL STANDARD

A motion to remand challenges the propriety of an action's removal to federal court. 28 U.S.C. § 1447. A motion to remand is the "the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014)). A motion to remand "may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations." *Id.*, 749 F.3d at 1122. "Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Id.* A plaintiff may file a motion to remand which, "[a]s under Rule 12(b)(1) . . . may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. . . ." *Id.* In response to a facial attack, the defendant invoking removal must state allegations that are "sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121.

## III. DISCUSSION

28 U.S.C. § 1442 states in relevant part that

(a) A civil action . . . that is commenced in a State court and that is against or directed to [the following] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (*or any person acting under that officer*) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . .

28 U.S.C. § 1442 (emphasis added). An entity seeking removal under § 1442(a)(1)

bears the burden of showing "that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (quoting Jefferson Cty. v. Acker, 527 U.S. 423, 431, 119 S. Ct. 2069, 144 L. Ed. 2d 408 (1999)).

Plaintiffs do not dispute that Alcatel is a "person" as defined by 28 U.S.C. § 1442(a)(1). Likewise, "[t]he courts of appeals have uniformly held that corporations are 'person[s]' under § 1442(a)(1)." *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) (collecting cases). Plaintiffs contend that Alcatel has failed to allege that there is a causal nexus between Plaintiffs' claims and the actions Alcatel performed under federal officers; and that Alcatel fails to assert a "colorable federal defense." The Court addresses each of those arguments in turn.

## **Causal Nexus to Actions Performed Under Federal Officers**

In order to meet the causal nexus requirement of § 1442(a)(1), Alcatel must allege that: (1) their actions related to the missile defense sites are "actions under" a federal officer and (2) that those actions are causally connected to Plaintiffs alleged injuries. *See Durham*, 445 F.3d at 1251. With regard to the first prong, "[t]he words 'acting under' are broad," and the Supreme Court "has made clear that the statute must be 'liberally construed.'" *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007) (quoting *Colorado v. Symes*, 286 U.S. 510, 517 (1932)). For a private entity to be "acting under" a federal officer, the private entity must be involved in "an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Id*. at 152. The "relationship typically involves 'subjection, guidance, or control.'" Alcatel asserts that they manufactured products for use at the United States Army Missile Defense sites, and that the products (and the literature accompanying those products) were required to comply with government and military specifications and requirements. (Notice at 11-12). These statements sufficiently assert that Alcatel helped or assisted a federal superior in its duties related to the establishment of the missile defense sites. Moreover, they also assert that Alcatel acted pursuant to the guidance and/or control of a federal superior. Therefore, the first prong is sufficiently established for the purposes of the causal nexus requirement of section 1442(a)(1).

With regard to the second prong of the causal nexus requirement, "the 'hurdle erected by [the causal-connection] requirement is quite low.'" *Goncalves*, 865 F.3d at 1244 (quoting *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008)). Therefore, a defendant "need show only that the challenged acts 'occurred *because of* what they were asked to do by the Government.'" *Goncalves*, 865 F.3d at 1245 (quoting *Isaacson* 517 F.3d at 137) (emphasis in original). Plaintiffs argue that the relevant action for the sake of this motion is Alcatel's alleged failure to warn of the presence of asbestos at the missile defense sites. (Mot. at 15). Plaintiffs rely on *Arness v. Boeing*

*North American, Inc.*, for the proposition that, in order to establish the causal nexus requirement in a failure to warn case, a defendant must show that "[the government] restricted or prohibited [the defendant] from providing adequate precautions against or otherwise notifying its employees of the hazards of asbestos exposure" *Arness v. Boeing North American, Inc.*, 997 F. Supp. 1268, 1275 (C.D. Cal. 1998) (quoting *Ruffin v. Armco Steel Corp.*, 959 F. Supp. 770, 774 (S.D.Texas 1997)). Plaintiffs contend that nothing in Alcatel's Notice of Removal states that any orders issued by the United States prevented Alcatel's predecessors from warning of the presence of asbestos in Mr. Burdett's work environment, and thus Alcatel fails to meet the causal nexus requirement with regard to the failure to warn claim. (Mot. at 15-16). The Court disagrees.

In paragraph 11 of the Notice of Removal, Alcatel states that "any product literature, labeling, or warning that accompanied that product(s)) was subject to government specifications and requirements." (Notice at 11). Additionally, in paragraph 13, Alcatel states that "[a]t the time of Mr. Burdett's alleged exposure to asbestos at the military bases, the United States government, including the U.S. Army and National Guard, was aware of the known hazards of asbestos exposure." (*Id.* 13). In *Getz v. Boeing Co.*, 654 F.3d 852 (9th Cir. 2011), the Ninth Circuit stated that in order to defeat a failure-to-warn claim pursuant to a government contractor defense, "the contractor must show that it 'act[ed] in compliance with 'reasonably precise specifications' imposed on it by the United States' in deciding whether 'to provide a warning.'" *Getz*, 654 F.3d at 866. Moreover, the Ninth Circuit explicitly rejected the proposition advanced here, namely, that a government contractor defense in the context of a failure to warn claim is limited "to cases in which the government specifically forbids warnings altogether or to instances where the government explicitly dictates the content of the warnings adopted." Instead, the Ninth Circuit stated that the only requirement for the government contractor defense to apply in a failure to warn case is that "governmental approval (or disapproval) of particular warnings 'conflict' with the contractor's 'duty to warn under state law.'" *Id*. at 867. The Ninth Circuit further provided that the "conflict" requirement is met in situations where the government exercises discretion in determining which warnings to provide. *Id.; see also Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157 (6th Cir. 1995) ("[W]here the government goes beyond approval and actually determines for itself the warnings to be provided, the contractor has surely" demonstrated that "the government exercised its discretion"). Here Alcatel alleges that the warnings that accompanied its products were subject to government specifications and requirements, not merely government approval. This is sufficient to satisfy the second prong of the causal nexus requirement under 1442(a)(1).

## Colorable Federal Defense

Federal contractors may remove cases based on acts performed under color of a federal office if they assert a colorable federal defense. *Durham*, 445 F.3d at 1251. In order to do so, the removing defendant need not show that the defense is meritorious, but that there is a legitimate question of federal law to be decided regarding the validity of the defense. *See Mesa v. California*, 489 U.S. 121, 129, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989). "The party seeking removal "need not win his case before he can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969). Moreover, the right to removal pursuant to Section 1442, is to be "liberally construed" in favor of removal. *Durham*, 445 F.3d at 1252 (citing Colorado v. Symes, 286 U.S. 510, 517, 52 S. Ct. 635, 76 L. Ed. 1253 (1932)).

Alcatel asserts the Federal contractor defense recognized in *Boyle v. United Techs. Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988). Under the framework of *Boyle*, military contractors are immunized from liability when: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *See Boyle*, 487 U.S. at 512. Plaintiffs do not dispute that Alcatel has established the first two elements of the *Boyle* test. The Notice of Removal states that the United States Army required all products supplied by its predecessors to comply with government and military specifications and requirements. (Notice at 11). Additionally, Alcatel also alleges that its predecessors complied with the rules and regulations issued by the United States government. (Notice at 12, 14). Therefore, the first two elements are sufficiently alleged in the Notice of Removal.

Plaintiffs assert that the notice of removal filed by Alcatel does not conform to the third prong of the *Boyle* test, because it fails to allege that Alcatel warned the United States about the dangers in the use of equipment that were known to the supplier but not to the United States. (Oppo. at 11). However, paragraph 13 of the notice of removal clearly states that "[a]t the time of Mr. Burdett's alleged exposure to asbestos at the military bases, the United States government, including the U.S. Army and National Guard, was aware of the known hazards of asbestos exposure." (Notice at 11). The language of *Boyle* is clear in that it only requires that contractors issue warnings about dangers of which the United States is not aware. *See Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992 (7th Cir. 1996) ("*Boyle* does not require the contractor to warn the government of every possible danger--only those known to it and not to the government"). *See also Leite v. Crane Co.*, 868 F. Supp. 2d 1023 (D. Haw. 2012) ("Defendants have no duty to warn of a danger of which the [United States] is already aware.") Because Alcatel has alleged that the United States was aware of the hazards associated with asbestos exposure, the third prong of *Boyle* is therefore satisfied. Based on the foregoing, the

Court finds that Alcatel has sufficiently alleged the existence of a colorable federal defense.[1]

## IV. CONCLUSION

Based on the foregoing, the Court finds that Defendant Alcatel has sufficiently established its right to removal pursuant to 28 U.S.C. § 1442(a)(1). Therefore, the Court hereby **DENIES** Plaintiffs' Motion to Remand to State Court.

**IT IS SO ORDERED.**

---

[1] Alcatel sufficiently alleges the elements of the Federal Contractor Defense pursuant to *Boyle v. United Techs. Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988), therefore, the Court need not address Alcatel's arguments with regard to additional federal defenses for the purposes of this motion.